J-A05007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHRISTINE CANNON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WILLIAM J. MACNEAL, JR., AND | : | No. 2305 EDA 2017 |
| ROSEMARY MACNEAL | : | |

Appeal from the Judgment Entered August 17, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  September Term, 2015 No. 03249

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:                         **FILED JUNE 06, 2018**

Appellant, Christine Cannon, appeals from the Judgment entered in the Philadelphia County Court of Common Pleas after a jury rendered verdict in favor of Appellees, William J. MacNeal, Jr., and Rosemary MacNeal.[1]  After careful review, we affirm.

The relevant facts, as gleaned from the certified record and the trial court's Pa.R.A.P. 1925(a) Opinion, are as follows:  On February 14, 2014,

---

[1] We note Appellant filed an appeal from the Order denying Post-Trial Motions.  An appeal does not properly lie from an order denying post-trial motions.  **See Johnston the Florist, Inc., v. TEDCO Const. Corp.**, 657 A.2d 511, 514 (Pa. Super. 1995).  This Court directed Appellant to praecipe the trial court Prothonotary to enter judgment and file a certified copy of the trial court docket reflecting the entry of judgment with this Court.  The Notice of Appeal previously filed is treated as filed after the entry of judgment.  **See** Pa.R.A.P. 905(a).

---

\*   Former Justice specially assigned to the Superior Court.

Appellant parked her car in front of Appellees' house and slipped and fell on snow and ice that was on their sidewalk. While she was lying on the ground, she called her mother, Kimberly Xibos, who lived across the street. Xibos brought Appellant to her home and Appellant subsequently went to the hospital. As a result of the fall, Appellant sustained a fracture to her right shoulder, which required surgery.

On September 30, 2015, Appellant filed a Complaint against Appellees seeking damages based on a claim that her slip and fall, and the resulting injuries, occurred because Appellees negligently failed to maintain their sidewalk. On November 4, 2015, Appellant filed an Amended Complaint, specifying the location of her fall.

Prior to trial, Appellant filed a Motion *in Limine*, seeking to preclude evidence of her prior knee injury from a 2010 skiing accident, her pain medication prescriptions, and her cigarette smoking. The court granted the Motion *in limine* in part and precluded evidence of Appellant's prior knee injury as a contributing factor to her fall. However, the court permitted evidence of her prior knee injury to establish that Appellant was not on pain medication solely as a result of the fall, to establish her prior pain level, and for impeachment purposes if Appellant were to testify that she had limitations on her knee as a result of the fall. ***See*** N.T., 2/27/17 at 3-7, 10-12.

Trial commenced on February 27, 2017. Prior to the start of testimony, Appellees informed the court they had subpoenaed Appellant's

- 2 -

mother, Ms. Xibos, but were unable to confirm that she would appear in court. *See* N.T., 2/27/17, at 22. Appellant testified, *inter alia*, that her mother helped her get from the street after her fall to her mother's house. Appellant did not call her mother to testify. Appellees called Ms. Xibos to testify, but she had failed to appear at the courthouse.[2]

In addition to Appellant's testimony, the jury heard testimony from Appellees and two of Appellant's treating doctors regarding her injury and her prescription pain medication use both before and after the accident at issue.

At a charging conference after the close of testimony, Appellees requested, among other things, that the court instruct the jury that they may make an adverse inference regarding Appellant's failure to call her mother to testify on her behalf. The court denied the request, but stated that Appellees' counsel could make an argument to the jury about the fact that Appellant did not call her mother to testify. Appellees' counsel stated the following during his closing argument to the jury:

> . . . [Appellant's] mother was out there. She would know exactly where the plaintiff was laying. She would know exactly what the

---

[2] Appellees' counsel told the court that he had attempted to subpoena Ms. Xibos prior to the start of trial to attend the trial but found out that she had moved. His requests to Appellant's counsel via "a chain of emails" for her current address went unanswered. N.T., 2/28/17, at 95. Appellees' attorney stated that he learned Ms. Xibos' current address during Appellant's direct testimony at trial on February 27th, and served her with a subpoena the evening of February 27, 2017. *Id*. at 96.

sidewalk looked like. She would know exactly what the conditions and the weather were in the neighborhood during that part of the day and earlier. We didn't hear anything from her. Literally nothing.

Wouldn't you expect using your common sense that one would say, Hey, I got to prove this case to the jury. Would get their mother to come in and support them? You didn't hear the [Appellant] say, Hey, look, this is why my mother can't come in. We have no idea why her mother is not here. Maybe it's because she wouldn't support her. And by supporting, I don't mean that she's a bad mother. Maybe it's because what the mother knows is different and hurts the case.

N.T., 3/1/17, at 39-40.

In response, Appellant's attorney minimized the importance of

Ms. Xibos' involvement, and then stated:

They knew exactly who her mother is and where she lived. If they wanted to bring her in, they should have done that. But instead they chose, Oh, we're not going to put up any evidence. It's not fair to come in and say that she might have secret information that is bad for your case when they had equal access to her and decided not to call her. That's something that you can consider.

*Id*. at 53.

After deliberating, the jury found that Appellees had been negligent, but that their negligence was not a substantial factor causing Appellant's injuries. Appellant filed a Post-Trial Motion seeking a new trial limited to damages. The court denied the Motion.

This appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

- 4 -

I. The trial court abused its discretion or committed an error of law by allowing Appellees' counsel to suggest the jury could draw an adverse inference from Appellant's failure to call a witness that was within the reach and knowledge of both parties.

II. The court committed a prejudicial error of law or an abuse of discretion by denying [Appellant's] Motion *in Limine* to preclude evidence regarding [Appellant's] prior knee injury and prescribed use of oxycontin where [Appellees] offer medical testimony regarding the appropriateness of the prescriptions.[3]

Appellant's Brief at 8, 15.[4]

## Issue I – Adverse Inference

Appellant avers that because Ms. Xibos was known to both parties, the trial court erred in permitting Appellees' counsel to argue in closing that the

---

[3] Appellant raised issues in her Rule 1925(b) Statement that she did not raise or address in her Brief. Those abandoned claims are waived. **See Commonwealth v. Heggins**, 809 A.2d 908, 912 n.2 (Pa. Super. 2002) ("an issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived."). Appellant acknowledged withdrawing certain claims. Appellant's Brief at 7.

[4] We gleaned Appellant's issues from the argument in her Brief as she failed to include a separate statement of questions involved. Pa.R.A.P. 2111(a)(4) and 2116(a) require an appellant to include in her brief a statement of questions involved. "Issues not presented in the statement of questions involved are generally deemed waived." **Werner v. Werner**, 149 A.3d 338, 341 (Pa. Super. 2016). However, "such a defect may be overlooked where [an] appellant's brief suggests the specific issue to be reviewed and appellant's failure does not impede our ability to address the merits of the issue." **Id.** Because we can discern Appellant's issues from the argument section of her Brief, her failure to provide a statement of questions involved does not impede our review. We, thus, decline to find the issues waived.

jury could draw an adverse inference from Appellant's failure to call her Mother to testify. **See** Appellant's Brief at 8-9. Appellant also argues that when a court declines to give an adverse inference charge, it commits error by allowing counsel to raise the adverse inference in closing argument. **Id.** at 13-14. Appellant concludes that she is entitled to a new trial limited to damages.

"The decision to issue a missing witness instruction, or alternatively whether to permit counsel to make an argument on closing equivalent to such an instruction, 'is a matter within the trial court's discretion which this Court will not overturn absent manifest abuse.'" **Hawkey v. Peirsel**, 869 A.2d 983, 986 (Pa. Super. 2005) (quoting **O'Rourke v. Rao,** 602 A.2d 362, 364 (Pa. Super. 1992). "Although the bulk of relevant case law [pertains to] trial court refusals to issue a jury instruction, our Supreme Court [has] observed that in such a case 'it is the **inference itself** that is prohibited, whether it comes from opposing counsel or the court in its instructions.' **Bennett v. Sakel**, 725 A.2d 1195, 1196 (Pa. 1999)." **Hawkey**, **supra** at 986 (quoting **O'Rourke**, **supra**) (emphasis in original).

"Generally, when a potential witness is **available to only one** of the parties to a trial, and it appears this witness has **special information material to the issue**, and this person's testimony would **not be merely cumulative**, then if such party does not produce the testimony of this witness, the jury may draw an inference it would have been unfavorable."

*Kovach v. Solomon*, 732 A.2d 1, 8-9 (Pa. Super. 1999) (citation omitted and emphases in the original). **See also O'Rourke v. Rao**, 602 A.2d 362, 364 (Pa. Super. 1992) (observing that "the witness must be within the control of the party in whose interest it would naturally be to produce him. Absent a showing of the witness' unavailability to the party seeking the inference, no inference can be taken." (citations omitted)). "[T]he burden is on the party seeking the inference to demonstrate the missing witness's unavailability." **Hawkey**, **supra** at 987.

The threshold question then is whether Ms. Xibos was available to both parties. Appellant did not call her mother as a witness. As noted previously, Appellees attempted to obtain Appellant's mother as a witness, however, they were not certain she would appear. At trial, after learning of Ms. Xibos' current address, Appellees served a subpoena on her. However, she did not respond to the subpoena. Thus, she was not available to Appellees at the time of trial.

The trial court opined that because the witness was Appellant's own mother, and arguably the only witness who could have supported Appellant's testimony as to the location of her fall, it did not err in permitting Appellees, in closing, to argue to the jury that it may draw an adverse inference from Appellant's failure to produce Ms. Xibos. Trial Ct. Op., 10/10/17, at 16. We agree. Under the facts of this case, the trial court properly exercised its

discretion in permitting counsel to argue for an adverse inference. Accordingly, Appellant's first issue warrants no relief.

**Issue 2 – Partial denial of Motion *in Limine***

Appellant contends in her second issue that the trial court erred in denying that portion of her Motion *in Limine* seeking to preclude evidence regarding her prior knee injury and her prescribed use of Oxycontin. Appellant's Brief at 15. Appellant argues that the court erred in admitting the testimony of her prescription drug use in the absence of expert medical testimony explaining the role of medication in treating her chronic knee pain and post-surgical pain, citing ***Callahan v. National R.R. Passenger Corp.***, 979 A.2d 866 (Pa. Super. 2009). ***Id.*** at 17.

We review a court's decision to deny a motion *in limine* for an abuse of discretion. ***Commonwealth v. Reese***, 31 A.3d 708, 715 (Pa. Super. 2011) (*en banc*). "[W]hether evidence is admissible is a determination that rests within the sound discretion of the trial court and will not be reversed on appeal absent a showing that the court clearly abused its discretion." ***Fisher v. Central Cab Co.***, 945 A.2d 215, 218 (Pa. Super. 2008) (citation omitted).

Our rules of evidence provide that all relevant evidence is admissible, unless subject to exception. Pa.R.E. 402. "To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial

to the complaining party." ***Ettinger v. Triangle–Pacific Corp.,*** 799 A.2d 95, 110 (Pa. Super. 2002) (citation omitted).

Appellant's reliance on ***Callahan***, ***supra***, is unavailing. In ***Callahan***, the appellant sought to introduce evidence of the appellee's twenty-year history of chronic substance abuse. On appeal, this Court held that the claim that the appellee had a dependence on prescription medications required evidence from a medical expert, "since **an opinion that such constituted 'substance abuse' necessarily required specialized knowledge beyond that of a lay juror**." ***Callahan***, 979 A.2d at 878-79 (emphasis added). Because the instant case has nothing to do with substance abuse, ***Callahan*** is factually and legally distinguishable from the instant case.[5]

The trial court found that the evidence of Appellant's prior knee injury and of the pain medication she took prior to the instant accident for resulting chronic knee pain was relevant and "not unfairly prejudicial." Trial Ct. Op., 10/10/17, at 10. The court noted:

> [A]t the time of [Appellant's] falling incident, … [Appellant] had been taking prescription pain medications and had some limitations in her life due to this [prior] injury. On one hand, if

---

[5] In fact, Appellees at no time argued that Appellant abused her prescriptions. Rather, as Appellees' counsel noted, "[t]he questioning is about the fact that her treatment, her pain treatment[,] was the same treatment" both before and after the slip and fall accident. N.T., 2/27/17, at 6-7.

the jury were to hear about the knee injury without further clarification, the factfinders could have unnecessarily pondered over the injury and tried to create an unwarranted causal link between [Appellant's] knee and the fall, as [Appellant] anticipated. On the other hand, if the knee injury had been precluded completely, the jury would have reached an equally unwarranted conclusion that [Appellant] had been free from pain and limitations before the fall.

Taking both sides into account, the court granted [Appellant's] [M]otion *in* [*L*]*imine* in part to preclude [Appellees] from using the knee injury evidence to show causation but allowed [Appellees] to present the evidence if [Appellant] attempted to attribute all of her physical limitations or use of pain medications on the [instant] falling accident. Nowhere in the record shows that [Appellees] disregarded the court's ruling and attempted to attribute [Appellant's] fall to her knee. Instead, [Appellees] cross-examination of [Appellant] on the prior knee injury was entirely focused on damages, i.e., [Appellant's] pain level, her pain medication prescriptions, and limitations due to the prior knee injury. The jury was presented with a full picture of [Appellant's] physical limitations, use of pain medication, and pain level before and after the accident at issue. A new trial is not warranted because no prejudice resulted from the court's admission of [Appellant's] prior knee injury.

*Id*. at 8.

We agree with the trial court that no prejudice resulted from the court's limited admission of Appellant's prior knee injury and prescription medication history. The evidence showed that her pain medication dosage was the same both before and after the accident. If evidence of her prior prescription record had been precluded, the jury could have improperly concluded that Appellant took the pain medication solely as a result of the pain experienced from her shoulder injury. "Surely, such testimony would have been misleading." *Id*. at 10.

The trial court properly concluded that the probative value of this evidence outweighed its prejudicial effects. The record supports the trial court's ruling, and we discern no abuse of the court's discretion. Accordingly, we affirm the Judgment.

Judgment affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/6/18